UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| MARITZ HOLDINGS INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No. 4:18-cv-00826-CDP |
| | § | JURY TRIAL REQUESTED |
| COGNIZANT TECHNOLOGY | § | |
| SOLUTIONS U.S. CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT/COUNTER-PLAINTIFF COGNIZANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS IN RESPONSE TO MARITZ'S COMPLAINT

Defendant Cognizant Technology Solutions U.S. Corporations ("Cognizant") hereby respectfully submits its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Maritz Holdings Inc.'s ("Maritz" or "Plaintiff") Complaint, pursuant to Rule 8 of the Federal Rules of Civil Procedure.

## ANSWER

Cognizant denies all allegations made in the Complaint, whether express or implied, that are not specifically admitted below. Cognizant specifically denies that Maritz is entitled to any relief whatsoever. The headings, unnumbered contents, recitations, assertions, and conclusions contained within the Complaint are not substantive allegations to which a response is required. To the extent that the headings are intended as substantive allegations, Cognizant denies those allegations.

Unless otherwise defined, all capitalized terms have the same meaning as in the Complaint.

**The Parties, Jurisdiction, and Venue**

1.      On information and belief, Cognizant admits that Maritz is a corporation organized under the laws of Missouri, whose principal place of business is located at 135 North Highway Drive, Fenton, Missouri 63099.  To the extent that the allegations in Paragraph 1 state legal conclusions, no response is required.  To the extent that a response is otherwise required, Cognizant lacks knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies such allegations.

2.      On information and belief, Cognizant admits that Maritz is, and at certain relevant times has been, in the business of, *inter alia*, providing market and customer research, incentive programs, learning solutions, event management services, and travel management services to companies in the United States.

3.      Cognizant admits that it was and is a corporation organized under the laws of Delaware.  Cognizant admits that its principal place of business is located at 211 Quality Circle, College Station, Texas 77845.  To the extent that the allegations in Paragraph 3 state legal conclusions, no response is required.  To the extent a response is otherwise required, denied.

4.      Cognizant admits that it is one of the world's leading professional services companies, transforming clients' business, operating, and technology models for the digital era. Cognizant admits that its services include digital services and solutions, consulting, application development, systems integration, application testing, application maintenance, infrastructure services, and business process services.  Cognizant denies the remaining allegations in Paragraph 4.

5.      Cognizant admits that this action arises out of Cognizant's contacts with the State of Missouri.  To the extent that the allegations in Paragraph 5 state legal conclusions, no response is required.

6.      Cognizant reads Maritz's reference to subject matter jurisdiction under "20 U.S.C. § 1332(a)(1)" as intending to reference 28 U.S.C. § 1332(a)(1).  Cognizant admits that this civil action is between citizens of different states and the amount in controversy exceeds the jurisdictional amount.  To the extent that the allegations in Paragraph 6 state legal conclusions, no response is required. Cognizant denies that federal question jurisdiction is vested in this Court by 18 U.S.C. § 1030 and notes that the Court has dismissed Maritz's claim under the federal Computer Fraud and Abuse Act ("CFAA").  *Maritz Holdings Inc. v. Cognizant Technology Solutions U.S. Corporation*, No. 4:18-CV-826-CDP, Memorandum and Order (Dec. 19, 2019), ECF No. 31.

7.      To the extent that the allegations in Paragraph 7 state legal conclusions, no response is required.  Cognizant admits that the master services agreement at issue in this case contains a forum selection provision that states, at Section 18.9, "Each Party submits to the exclusive jurisdiction of the federal and state courts located in the State of Missouri."

### Factual Background

8.      Cognizant admits that, in or around the first quarter of 2010, Maritz and Cognizant entered into an Offshore Contracting Master Services Agreement (the "MSA"), the first page of which recites an effective date of January 1, 2010.  The MSA has been filed under seal in this case, as Exhibit 1 to Maritz's Complaint, ECF No. 11.  The MSA provides that Cognizant and Maritz "will develop and enter into one or more Statements of Work . . . incorporating a description of the specific Outsourced Services requested by Maritz."  ECF No. 11 § 4.1.  Four Statements of Work have been filed under seal in this case, as ECF Nos. 19 – 22.  One of those Statements of

Work — that associated with the "Maritz Motivation Solutions Engagement" project dated July 1, 2016 (ECF No. 21) — was filed on the court docket on September 4, 2018 and then subsequently amended by an addendum (the "Addendum") executed by Plaintiff on December 5, 2018. Cognizant will seek leave to file under seal a true and accurate copy of that addendum, as **Exhibit A** to this Answer, Affirmative Defenses, and Counterclaims.

9.     Cognizant admits that the MSA contains a confidentiality provision.

10.     The allegations contained in Paragraph 10 selectively quote and purport to characterize the MSA.  Cognizant respectfully refers the Court to the full version of this document, which is the best evidence of its terms and/or content, and which has been filed under seal in this case as Exhibit 1 to Maritz's Complaint (ECF No. 11).  To the extent an answer is required, Cognizant denies that such terms can be read in isolation or establish liability, but admits that the quoted language is in the MSA.

11.     The allegations contained in Paragraph 11 selectively quote and purport to characterize the MSA.  Cognizant respectfully refers the Court to the full version of this document, which is the best evidence of its terms and/or content.  To the extent an answer is required, Cognizant denies that such terms can be read in isolation or establish liability, but admits that the quoted language is in the MSA.

12.     The allegations contained in Paragraph 12 selectively quote and purport to characterize the MSA.  Cognizant respectfully refers the Court to the full version of this document, which is the best evidence of its terms and/or content.  To the extent an answer is required, Cognizant denies that such terms can be read in isolation or establish liability, but admits that the quoted language is in the MSA.  Cognizant denies the remaining allegations in Paragraph 12.

13.     The allegations contained in Paragraph 13 selectively quote and purport to characterize the MSA.  Cognizant respectfully refers the Court to the full version of this document, which is the best evidence of its terms and/or content.  To the extent an answer is required, Cognizant denies that such terms can be read in isolation or establish liability, but admits that the quoted language is in the MSA.

14.     The allegations contained in Paragraph 14 selectively quote and purport to characterize the MSA.  Cognizant respectfully refers the Court to the full version of this document, which is the best evidence of its terms and/or content.  To the extent an answer is required, Cognizant denies that such terms can be read in isolation or establish liability, but admits that the quoted language is in the MSA.

15.     The allegations contained in Paragraph 15 selectively quote and purport to characterize the MSA.  Cognizant respectfully refers the Court to the full version of this document, which is the best evidence of its terms and/or content.  To the extent an answer is required, Cognizant denies that such terms can be read in isolation or establish liability, but admits that the quoted language is in the MSA.

16.     The allegations contained in Paragraph 16 selectively quote and purport to characterize the MSA.  Cognizant respectfully refers the Court to the full version of this document, which is the best evidence of its terms and/or content.  To the extent an answer is required, Cognizant denies that such terms can be read in isolation or establish liability, but admits that the quoted language is in the MSA.  Cognizant denies the remaining allegations in Paragraph 16.

17.     The allegations contained in Paragraph 17 selectively quote and purport to characterize the MSA.  Cognizant respectfully refers the Court to the full version of this document, which is the best evidence of its terms and/or content.  To the extent an answer is required,

Cognizant denies that such terms can be read in isolation or establish liability, but admits that the quoted language is in the MSA.  Cognizant denies the remaining allegations in Paragraph 17.

18.    Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, denies such allegations.

19.    Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, on that basis, denies such allegations.

20.    Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, on that basis, denies such allegations.

21.    Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, on that basis, denies such allegations.

22.    Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, on that basis, denies such allegations.

23.    Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, on that basis, denies such allegations.

24.    Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, on that basis, denies such allegations.

25.    Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, on that basis, denies such allegations.

26.    Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, on that basis, denies such allegations.

27.    Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, on that basis, denies such allegations.

28.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, on that basis, denies such allegations.

29.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, on that basis, denies such allegations.

30.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, on that basis, denies such allegations.

31.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, on that basis, denies such allegations.

32.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, on that basis, denies such allegations.

33.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, on that basis, denies such allegations.

34.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, on that basis, denies such allegations.

35.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, on that basis, denies such allegations.

36.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, on that basis, denies such allegations.

37.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, on that basis, denies such allegations.

38.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, on that basis, denies such allegations.

39. Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, on that basis, denies such allegations.

40. Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, on that basis, denies such allegations.

41. Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, on that basis, denies such allegations.

42. Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, on that basis, denies such allegations.

43. Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, on that basis, denies such allegations.

44. Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and, on that basis, denies such allegations.

45. Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, on that basis, denies such allegations.

## Count I – Computer Fraud and Abuse Act (18 U.S.C. § 1030)

46 to 53. The Court has dismissed Maritz's claim under the Computer Fraud and Abuse Act ("CFAA"). *Maritz Holdings Inc. v. Cognizant Technology Solutions U.S. Corporation*, No. 4:18-CV-826-CDP*, Memorandum and Order (Dec. 19, 2019), ECF No. 31. Accordingly, no response is required to Paragraphs 46 through 53 of Maritz's Complaint. To the extent a response is required, denied.

## Count II – Computer Tampering (Mo. Rev. Stat. §§ 537.525, 569.095)

54 to 57. The Court has dismissed Maritz's claim under Mo. Rev. Stat. §§ 537.525, 569.095. *Maritz Holdings Inc. v. Cognizant Technology Solutions U.S. Corporation*, No. 4:18-

CV-826-CDP, Memorandum and Order (Dec. 19, 2019), ECF No. 31.  Accordingly, no response is required to Paragraphs 54 through 57 of Maritz's Complaint.  To the extent a response is required, denied.

### Count III – Conversion

58 to 60.       The Court has dismissed Maritz's claim for conversion.  *Maritz Holdings Inc. v. Cognizant Technology Solutions U.S. Corporation*, No. 4:18-CV-826-CDP, Memorandum and Order (Dec. 19, 2019), ECF No. 31.  Accordingly, no response is required to Paragraphs 58 through 60 of Maritz's Complaint.  To the extent a response is required, denied.

### Count IV – Breach of Contract

61.       Cognizant incorporates its responses to Paragraphs 1 through 60.

62.       The allegations contained in Paragraph 62 selectively quote and purport to characterize the MSA.  Cognizant respectfully refers the Court to the full version of this document, which is the best evidence of its terms and/or content.  To the extent an answer is required, Cognizant denies that such terms can be read in isolation or establish liability, but admits that the quoted language is in the MSA.

63.       The allegations contained in Paragraph 63 selectively quote and purport to characterize the MSA.  Cognizant respectfully refers the Court to the full version of this document, which is the best evidence of its terms and/or content.  To the extent an answer is required, Cognizant denies that such terms can be read in isolation or establish liability, but admits that the quoted language is in the MSA.

64.       Cognizant denies the allegations in Paragraph 64.

65.       Cognizant denies the allegations in Paragraph 65.

66.       Cognizant denies the allegations in Paragraph 66.

67.     Cognizant denies the allegations in Paragraph 67.

68.     Cognizant denies the allegations in Paragraph 68.

69.     Cognizant denies the allegations in Paragraph 69.

70.     Cognizant denies the allegations in Paragraph 70.

**Count V – Negligence**

71.     Cognizant incorporates its responses to Paragraphs 1 through 70.

72.     Cognizant denies the allegations in Paragraph 72.

73.     Cognizant denies the allegations in Paragraph 73.

74.     Cognizant denies the allegations in Paragraph 74.

75.     Cognizant denies the allegations in Paragraph 75.

**Count VI – Unjust Enrichment & Accounting**

76.     Cognizant incorporates its responses to Paragraphs 1 through 75.

77.     Cognizant denies the allegations in Paragraph 77.

78.     Cognizant denies the allegations in Paragraph 78.

79.     Cognizant denies the allegations in Paragraph 79.

80.     Cognizant denies the allegations in Paragraph 80.

81.     The Court has dismissed Maritz's claim for an equitable accounting.  *Maritz Holdings Inc. v. Cognizant Technology Solutions U.S. Corporation*, No. 4:18-CV-826-CDP, Memorandum and Order (Dec. 19, 2019), ECF No. 31.  Accordingly, no response is required to Paragraph 81 of Maritz's Complaint.  To the extent a response is required, denied.

82.     Cognizant denies the allegations in the unnumbered paragraph following Paragraph 81 in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to the following (other than any burden imposed by law), Cognizant further asserts:

### First Defense

The Complaint, and each allegation therein, fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's claims against Cognizant are barred because, on information and belief, a third party independent of Cognizant perpetrated the activities underlying Plaintiff's alleged harm.

Moreover, inquiry reasonable under the circumstances would reveal public accounts of numerous attack campaigns bearing remarkable similarity to the cyber-intrusions that Maritz alleges in its Complaint.  On information and belief, Cognizant states the following:

- A world-wide cyber-intrusion campaign targeted at least twenty-four (24) organizations, and likely more, beginning in 2016.

- The perpetrator focused its efforts on certain types of companies, including: (1) gift card providers, (2) employee rewards providers, and (3) customer loyalty & recognition providers.

- The first series of attacks occurred in 2016, with a second series of attacks occurring from February 2017 – March 2017.

11

- The perpetrator used phishing pages to steal credentials, before making use of legitimate tools such as ScreenConnect for monitoring, remote access, lateral movement, as well as elevation of privileges.

In June of 2019, RiskIQ, a digital threat management company, published an independent report collecting and analyzing widely-reported events related to these attacks.  A true and correct copy of that report is attached as **Exhibit B** to this filing.  The narrative it describes exposes an undeniably compelling similarity to the events of which Maritz complains.  On information and belief, Maritz's alleged intrusions were part of the same sophisticated attack described in **Exhibit B**.

**Third Defense**

Plaintiff's claims are barred, in whole or in part, by the economic loss rule.

**Fourth Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification, unclean hands, laches, and *in pari delicto*.

These theories are supported by facts including, but not limited to the following, which Cognizant states on information and belief:

- Contrary to its contractual obligations and industry standards of reasonableness, Maritz failed to appropriately hire, train and/or supervise its employees, and this failure allowed its employees to, *inter alia*, distribute Cognizant credentials and usernames to other than the intended recipient and to succumb to the third-party phishing campaigns and external efforts to compromise the Maritz system.

- Contrary to its contractual obligations and industry standards of reasonableness, Maritz failed to timely and adequately notify Cognizant in March 2016 that Maritz

had suffered a cyber-attack, or that the attack included installation of credential-harvesting malware.

- Contrary to its contractual obligations and industry standards of reasonableness, Maritz failed to promptly re-issue some or all of the affected credentials following the March 2016 attack.

### Fifth Defense

Plaintiff's alleged losses were not proximately caused by the alleged conduct of Cognizant or conduct properly attributable to Cognizant.

### Sixth Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's assumption of risk.

### Seventh Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### Eighth Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate its alleged losses.

### Ninth Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's contributory negligence and comparative fault.

### Tenth Defense

Plaintiff's claims are barred, in whole or in part, by contractual limitation of liability, *inter alia*, Section 14.2 of the MSA:

> LIMITATION OF LIABILITY. . . . NEITHER PARTY WILL BE LIABLE TO THE OTHER FOR ANY CONSEQUENTIAL, SPECIAL, INDIRECT, INCIDENTAL, PUNITIVE OR EXEMPLARY DAMAGES (INCLUDING WITHOUT LIMITATION LOST PROFITS, LOST SAVINGS OR

LOSS OF GOODWILL) SUFFERED OR INCURRED IN CONNECTION WITH PERFORMANCE OR NON-PERFORMANCE UNDER THIS AGREEMENT . . . .

Except for its indemnification and confidentiality obligations hereunder, in no event shall [Cognizant's] liability to Maritz or any other person or entity arising out of or in connection with a Statement of Work hereunder (whether such liability is based on an action in contract, warranty, strict liability or tort, including negligence, or otherwise) exceed an amount equal to two (2) times the total charges paid by Maritz to [Cognizant] for the performance of all Outsourced Services and/or provision of Deliverables under such Statement of Work; it being understood and agreed that such cap on liability shall apply separately to each Statement of Work and not on an aggregate Agreement-wide basis.

### Eleventh Defense

Any damages Plaintiff sustained must be offset by any tax or other such benefits received.

### Twelfth Defense

The imposition of punitive or exemplary damages in this case would violate Cognizant's rights to substantive and procedural due process under the Fifth and Fourteenth Amendments to the Constitution of the United States and would violate the public policy and law of the State of Missouri.

### Thirteenth Defense

The Complaint fails to set forth facts sufficient to constitute a claim for punitive damages or exemplary damages in that neither Cognizant nor its agents, if any, acted with malice, fraud, oppression, or any other state sufficient to sustain punitive or exemplary damages with respect to the Plaintiff.

### Fourteenth Defense

Cognizant denies any and all allegations in the Complaint not expressly admitted herein and denies the relief requested by Plaintiff in the Complaint.

## COUNTERCLAIMS

Cognizant, for its Counterclaims against Plaintiff, states as follows:

### The Parties, Jurisdiction, and Venue

1.     Upon information and belief, Counter-Defendant Maritz Holdings, Inc. ("Maritz") is, and at all relevant times has been, a corporation organized and existing under the laws of Missouri.  Maritz's principal place of business is located at 135 North Highway Drive, Fenton, Missouri 63099.  Maritz is therefore a citizen of Missouri.  28 U.S.C. § 1332(c)(1).

2.     Counter-Plaintiff Cognizant Technology Solutions U.S. Corporation ("Cognizant") is, and at all relevant times has been, a corporation organized and existing under the laws of Delaware.  Cognizant's principal place of business is located at 211 Quality Circle, College Station, Texas 77845.  Cognizant is therefore a citizen of Delaware and Texas.  28 U.S.C. § 1332(c)(1).

3.     This Court has personal jurisdiction over Maritz because this action arises out of its contacts with the State of Missouri as described herein.

4.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because this civil action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  The Court also has supplemental jurisdiction under 28 U.S.C. § 1367 because the counterclaims asserted by Cognizant are so related to Maritz's claims that are pending before this Court that they form part of the same case or controversy.  Both sets of claims arise out of the same contractual arrangement and services provided.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this matter occurred in this judicial district.  Venue is also proper based on the forum selection provision in the master services agreement at issue in this case.

**Factual Background**

6.      On information and belief, Maritz is an integrated performance improvement, travel, and marketing research services provider.

7.      Cognizant is a leading information technology solutions provider specializing in custom software development, integration, and maintenance services.

8.      Upon information and belief, in early 2010, Maritz desired to outsource certain information technology and application development and management services to an information technology services vendor with offshore operating capabilities.  Maritz selected Cognizant for this purpose.

9.      In or around February 22, 2010, Maritz and Cognizant entered into an Offshore Contracting Master Services Agreement (the "MSA") that was attached to Plaintiff Maritz Holdings Inc.'s Complaint as Exhibit 1.  *See* ECF No. 1.  Maritz was granted leave to file the MSA under seal.  ECF No. 10.  The MSA has been filed on the docket as ECF No. 11.

10.      The MSA provides that Cognizant and "Maritz will develop and enter into one or more Statements of Work . . . incorporating a description of the specific Outsourced Services requested by Maritz."  *Id*. § 4.1.

11.      Pursuant to the MSA, on or about June 29, 2016, Cognizant and Maritz entered into a Statement of Work (filed under seal as ECF No. 21) in which Maritz requested that Cognizant "provide technical expertise in the enhancement and support of Maritz Motivation Solutions ('MMS') applications" (the "MSS SOW").  The MSS SOW was amended via an Addendum dated November 1, 2018 and signed by Maritz on December 5, 2018 (the "Addendum").  The Addendum is **Exhibit A** to this Answer, Affirmative Defenses, and Counterclaims.  Because the Addendum

contains confidential information, Cognizant will seek leave to file a true and correct copy of **Exhibit A** under seal.

12.     The Addendum amends Section 8.2.1 of the MMS SOW (ECF No. 21).  Section 8.2.1 of the MMS provides a breakdown of Cognizant staffing for the MMS SOW and the projected invoice amounts from January 2016 to December 2018.  The Addendum reduces, *inter alia*, the amount owed by Maritz to Cognizant for services provided in November of 2018 from $498,328.00 to $141,282.00.

13.     Under the MSA, Maritz agreed to "pay [Cognizant] the fees and other compensation specified in each Statement of Work, . . . and for the time periods specified therein, except to the extent that Maritz shall otherwise agree in a Statement of Work or unless otherwise mutually agreed in writing by both [Maritz and Cognizant]."  ECF No. 11 § 5.1.

14.     Under the MSA, Cognizant agreed to "invoice Maritz for all fees, charges and reimbursable items payable to [it] on a monthly basis as such payments are due."  *Id.* § 5.3.  In return, Maritz agreed to "pay all undisputed amounts of such invoice within 30 days after receipt of [Cognizant] invoice[s]."  *Id.*

15.     Section 8.2.4 of the MMS SOW (ECF No. 21) provides that "Cognizant will invoice Maritz on a monthly basis and are payable within 30 days of the invoice date."

16.     On or about November 30, 2018, pursuant to the MMS SOW and the Addendum, Cognizant invoiced Maritz $141,282.00 for services provided in November of 2018 (the "November Invoice").

17.     Pursuant to the face of the November Invoice, payment was due 45 days later. Cognizant will seek to file, under seal as **Exhibit C**, a true and correct copy of this invoice as Cognizant presented it to Maritz on or about November 30, 2018.

18.     On or about January 11, 2019, Maritz paid $50,227.50 out of $141,282.00 from the November Invoice.  There is an outstanding balance of $91,054.50.

19.     Maritz unilaterally applied a credit of $91,054.50 to itself on the November 2018 invoice and withheld that amount from payment to Cognizant.  Maritz has not identified to Cognizant its purported contractual authority to do so.  Likewise, Maritz has not provided adequate evidentiary support for the $91,054.50 credit it unilaterally awarded itself.  Cognizant will also seek to file, under seal as **Exhibit D**, a true and correct copy of the invoice as edited and returned to Cognizant by Maritz.

20.     From January 2019 to July 2019, Cognizant contacted Maritz on numerous occasions seeking payment of the outstanding balance of $91,054.50 for the November Invoice.  All conditions precedent to bringing this action have occurred.

### Count One: Breach of Contract

21.     Cognizant realleges Paragraphs 1 through 20 as if set forth fully herein.

22.     Maritz was obligated to pay Cognizant under the MSA and the MSA SOW, at the rates Maritz agreed upon in the December 2018 Addendum.

23.     Maritz breached these and other contractual provisions by, *inter alia*, failing to pay the November 2018 invoice when due, and by unilaterally withholding payments for services performed in November of 2018.

24.     Maritz's failure to pay Cognizant for the services provided in November of 2018 have caused Cognizant to suffer damages.

### Count Two: Breach of Implied Duty of Good Faith and Fair Dealing

25.     Cognizant realleges Paragraphs 1 through 24 as if set forth fully herein.

26.     When Maritz signed the relevant commitments to Cognizant, *inter alia*, the MSA, the MMS SOW, and the Addendum to the MMS SOW, an implied warranty of good faith and fair dealing arose by operation of law.

27.     Maritz breached this implied warranty by, *inter alia*, failing to pay the November Invoice when due, and by unilaterally withholding payments for services performed in November of 2018.

28.     Maritz's breaches have caused Cognizant damages and injured Cognizant's right to receive the fruits of the contract.

## RESERVATION OF RIGHTS

Cognizant reserves the right to assert any and all additional affirmative defenses that discovery or other evidence may reveal to be appropriate.  Cognizant further reserves the right to amend its Answer, its Counterclaims, or otherwise plead in response to Plaintiff's Complaint, and to file such other Motions as it may deem advisable in defense of the case or as warranted by information adduced during the pendency of this action.

## REQUEST FOR RELIEF

Cognizant respectfully requests the following relief:

a.  A judgment dismissing Maritz's Complaint against Cognizant with prejudice;

b.  A judgment in favor of Cognizant as to Maritz's claims against Cognizant;

c.  A judgment awarding Cognizant $91,054.50 in monies Maritz owes Cognizant for services performed under the MSA and SOWs, plus interest;

d.  A judgment awarding Cognizant, as the prevailing party, its costs and expenses (including reasonable attorneys' and expert witnesses' fees and expenses) incurred in connection with this action and any appeal, pursuant to Section 18.9 of the MSA (ECF No. 11); and

e.  Such other and further relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Cognizant respectfully demands a jury trial of all issues triable to a jury in this action.


Dated: January 20, 2020

Respectfully submitted,

*/s/ Roald J. Tenpas*
Ronald J. Tenpas*
Crystal Y. Stapley*
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, N.W.
Suite 500W
Washington, DC 20037
Phone: (202) 639-6791
Fax: (202) 879-8981
Email: rtenpas@velaw.com
        cstapley@velaw.com

*admitted *pro hac vice*

-and-

Jim Martin
DOWD BENNETT LLP
7733 Forsyth
St. Louis, MO 63105
Phone: (314) 889-7300
Fax: (314) 863-2111
Email: jmartin@dowdbennett.com

*Counsel for Defendant/Counter-Plaintiff
Cognizant Technology Solutions U.S.
Corporation*

**CERTIFICATE OF SERVICE**

I certify that on January, 20, 2020, a true copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record, including the following counsel for Plaintiff/Counter-Defendant:

Brian A. Lamping (blamping@thompsoncoburn.com)

Jan Miller (jmiller@thompsoncoburn.com)

Kristen E. Sanocki (ksanocki@thompsoncoburn.com)

*/s/ Ronald J. Tenpas*
Ronald J. Tenpas