UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARITZ HOLDINGS INC., | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 4:18-cv-00826 |
| COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION, | ) |
|       Defendant. | ) |

## JOINT PROPOSED SCHEDULING PLAN

COME NOW the parties, by and through their attorneys of record, and hereby submit the following Joint Proposed Scheduling Plan pursuant to the Court's Order Setting Rule 16 Scheduling Conference dated December 19, 2019 [Doc. #32].

(a) The parties agree that Track 3 (Complex) is appropriate.

(b) All motions for joinder of additional parties or amendment of pleadings shall be filed no later than **July 16, 2020.**

(c) Discovery shall proceed in the following manner:

    (i) Any agreed upon provisions for disclosure or discovery of electronically stored information:

    The parties are making progress towards agreement regarding collection and the form for production of electronic documents.

    (ii) Any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production:

    The parties anticipate submitting a Stipulated Protective Order, which will include claw-back procedures for the inadvertent disclosure of information subject to a claim of protection under the attorney-client privilege or work product doctrine.

(iii) The parties shall make all disclosures required by Rule 26(a)(1), Fed.R.Civ.P., no later than **February 14, 2020.**

(iv) Discovery should be conducted in phases, with fact discovery occurring prior to **December 4, 2020**, and expert witness discovery occurring between **December 4, 2020** and **March 12, 2021**.

(v) Plaintiff shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **December 4, 2020** and shall make expert witnesses available for depositions, and have depositions completed, no later than **January 15, 2021**. Defendant shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than**, February 12, 2021**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **March 12, 2021**; provided, however, that if Plaintiff offers expert testimony pursuant to Rule 26(a)(2)(D)(ii), then the parties will extend the close of expert witness discovery, as appropriate, to avoid prejudice to Defendant.

(vi) The presumptive limits of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), and twenty-five (25) interrogatories per party as set forth in Fed.R.Civ.P. 33(a)(1), shall apply. Additionally, both parties reserve the right to seek additional depositions and/or interrogatories in the event that additional parties are joined to this litigation.

(vii) Mental or Physical Exam: Not applicable.

(viii) The parties shall complete all fact discovery in this case no later than **December 4, 2020**. The parties shall complete all expert discovery in this case no later than **March 12, 2021**; provided, however, that if Plaintiff offers expert testimony pursuant to Rule 26(a)(2)(D)(ii), then the parties will extend the close of expert witness discovery, as appropriate, to avoid prejudice to Defendant.

(ix) Any other matters pertinent to the completion of discovery:

   a. The parties anticipate that they will jointly move the Court to enter a Stipulated Protective Order for the handling and treatment of confidential and proprietary information and documents produced in discovery.

   b. The parties' Stipulated Protective Order will also reflect how the parties will comply with Rule 26(b)(5) of the Federal Rules of Civil Procedure, regarding withholding of information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material.

(d) The parties sought to resolve the dispute before litigation began.  It is their collective view that further efforts to resolve the matter, such as through mediation, would not be productive at this time but may be useful after fact discovery has closed.

(e) Any motions to dismiss or motions for summary judgment must be filed no later than **April 9, 2021.** Any response shall be filed no later than **May 7, 2021.** Any reply shall be filed no later than **May 21, 2021**.

(f) The earliest date by which this case should reasonably be expected to be ready for trial is **August 16, 2021** at 9:00 a.m.

(g) The trial is expected to take ten (10) days.

(h) Any other matters counsel deem appropriate for inclusion in the Joint Scheduling Plan: None.

Dated this 29th day of January, 2020.

Respectfully submitted,

| THOMPSON COBURN LLP | VINSON & ELKINS LLP |
|---|---|
| By: /s/ Brian A. Lamping<br>Jan Paul Miller, #58112MO<br>Brian A. Lamping, #61054MO<br>Kristen E. Sanocki, #67375MO<br>One US Bank Plaza<br>St. Louis, Missouri 63101<br>314-552-6000<br>FAX 314-552-7000<br>jmiller@thompsoncoburn.com<br>blamping@thompsoncoburn.com<br>ksanocki@thompsoncoburn.com<br><br>*Attorneys for Plaintiff/Counter-Defendant Maritz Holdings Inc.* | Ronald J. Tenpas (admitted pro hac vice)<br>Crystal Y. Stapley (admitted pro hac vice)<br>2200 Pennsylvania Avenue, N.W.<br>Suite 500 West<br>Washington, DC 20037<br>(202) 639-6791<br>FAX (202) 879-8981<br>rtenpas@velaw.com<br>cstapley@velaw.com<br><br>and<br><br>DOWD BENNETT LLP<br><br>By: /s/ James G. Martin (with consent)<br>7733 Forsyth Blvd., Suite 1900<br>St. Louis, Missouri 63105<br>(314) 889-7300<br>FAX (314) 863-2111<br>jmartin@dowdbennett.com<br><br>*Attorneys for Defendant/Counter-Plaintiff Cognizant Technology Solutions U.S. Corporation* |

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January, 2020, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which in turn forwarded notification of same to all counsel of record in these proceedings.

/s/ Brian A. Lamping