UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARITZ HOLDINGS INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-cv-00826 |
| | ) |
| COGNIZANT TECHNOLOGY SOLUTIONS | ) |
| U.S. CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Maritz Holdings Inc. and Defendant Cognizant Technology Solutions

U.S. Corporation, hereafter referred to as "the Parties," believe that discovery in this lawsuit is

likely to lead to the production or disclosure of trade secrets, confidential business information,

or other privileged or proprietary information; and

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with

Federal Rule of Civil Procedure 26(c).

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or

in part, any document, information, or material that constitutes or includes, in whole or in part,

confidential or proprietary information or trade secrets of the Party or a Third Party to whom the

Party reasonably believes it owes an obligation of confidentiality with respect to such document,

information or material ("Protected Material").  Protected Material shall be designated by the

Party producing it by affixing a legend or stamp on such document, information, or material

that reads "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY".  The

legend or stamp shall be placed clearly on each page of the Protected Material (except deposition and

1

hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the legend or stamp shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation.

2. Any document produced before issuance of this Order with the designation "Confidential", "Confidential – Attorneys' Eyes Only", or similar shall receive the same treatment as if designated "CONFIDENTIAL" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY",[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order. In the event that documents are produced with a legend or stamp that is substantially similar to "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (e.g. "CONFIDENTIAL - AEO"), such documents shall be treated as though designated as with the most similar designation provided for under this Order.

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," both individually and collectively.

4. A designation of CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 12 herein:

(a) outside counsel of record in this Action for the Parties;

(b) employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c) in-house counsel for the Parties (along with their support staff) who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action;

(e) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Acknowledgement attached as Exhibit A hereto;

3

(f)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(g)    this Court, any court to which a Party petitions for discovery of a non-party, any appellate court, and their personnel, and any jurors empaneled to decide the above-captioned action; and

(h)    Any mediator engaged by the named parties in connection with the above-captioned action.

6.    A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.    Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.    To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "CONFIDENTIAL --

4

ATTORNEYS' EYES ONLY." In determining whether information should be designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY, each Party agrees to use such designation only in good faith.

9.     For Protected Material designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-c) and (e-g).

10.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.

> a. Pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, when a Party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the Party must provide a log ("Privilege Log") in which the Party: (i) expressly makes the claim; and (ii) describes the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other Parties to assess the claim. Information included on the Privilege Log shall include a unique reference number for each withheld document; file type; date created/sent; title or subject line; name and, in the case of email files, email address of the: (i) sender/author, (ii) recipient, (iii) CC recipients, and (iii) BCC recipients; basis for the privilege (attorney-client privilege, work product, etc.); and a comment describing the basis for the assertion of privilege.

5

b. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a Privilege Log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

11. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

12. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access

6

to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation or for purpose of any pre-litigation investigation related to this facts involved in this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

13.     Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

14.     Counsel for any producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access DESIGNATED

7

MATERIAL based on the designation of such DESIGNATED MATERIAL. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such DESIGNATED MATERIAL..

15. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

16. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

17. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the

8

Court's determination of the application, the designation of the designating Party shall be maintained.

18.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Exhibit A.

19.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

20.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

21.     Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the

9

producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. Each Party represents that, under Missouri Supreme Court Rule 4-1.22, it has given informed consent to its attorneys, in the form attached as Exhibit B, for its attorneys to destroy confidential file materials produced by the other Party in accordance with this Protective Order.

22. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

23. Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

24. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

25. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation

10

of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

26.     Nothing in this Order shall restrict in any way the use or disclosure of DESIGNATED MATERIAL by a receiving Party: (i) previously produced, disclosed and/or provided by the producing Party to the receiving Party or a non-party without an obligation of confidentiality (e.g., being subject to a Protective Order) and not by inadvertence or mistake; (ii) with the consent of the producing Party; or (iii) pursuant to order of the Court.

27.     If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the receiving Party must immediately after learning of the disclosure: (a) notify in writing the disclosing Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the Acknowledgment that is attached hereto as Exhibit A.

28.     If any entity subpoenas or orders production of Protected Material from a receiving Party that the receiving Party has obtained subject to this Order, such Party shall (1) promptly notify the entity that issued the subpoena or order that some or all of the material covered by the subpoena or order is subject to this protective order, and provide a copy of this order, (2) promptly notify the producing Party of the pendency of the subpoena or order, provide a copy of the subpoena to the producing Party, and (3) provide the producing Party with a list of the DESIGNATED MATERIAL that the receiving Party believes it is obligated to produce. The receiving party shall not produce the information until the producing party shall have reasonable time (which shall not be less than ten (10) calendar days) to object to or take other appropriate steps to protect the information. The receiving Party shall not take a position concerning the

11

propriety of such request or subpoena or the discoverability of the information sought thereby that is adverse to any producing Party opposing the request for production of such documents or materials. In responding to the subpoena or order, the receiving Party will take all reasonable measures to have such documents treated in accordance with the terms of this Protective Order.

29. Nothing in this Order shall limit any producing Party's use of its own documents or shall prevent any producing Party from disclosing its own Protected Information to any person. Such disclosures shall not affect any CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY designation made pursuant to the terms of this Order so long as disclosure is not publicly disclosed, but is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

30. Nothing in this Protective Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this litigation only based on such counsel's review and evaluation of Protected Information, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Protective Order.

31. This Protective Order shall be binding upon the Parties and their attorneys, successors, executors, personal representative, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

32. All notices required by this Protective Order are to be served on the attorney(s) for each of the Defendants and Plaintiff listed in the signature block below for each Party.

33. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or

entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**STIPULATED AND AGREED.**

Dated: March 6, 2020

Respectfully submitted,

THOMPSON COBURN LLP

By: /s/ Brian A. Lamping
Jan Paul Miller, #58112MO
Brian A. Lamping, #61054MO
Kristen E. Sanocki, #67375MO
One US Bank Plaza
St. Louis, Missouri 63101
314-552-6000
FAX 314-552-7000
jmiller@thompsoncoburn.com
blamping@thompsoncoburn.com
ksanocki@thompsoncoburn.com

*Attorneys for Plaintiff Maritz Holdings Inc.*

Dated: March 6, 2020

Respectfully submitted,

By: /s/ James G. Martin
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
(314) 889-7300
FAX (314) 863-2111
jmartin@dowdbennett.com

-and-

Ronald J. Tenpas (admitted pro hac vice)
Crystal Y. Stapley (admitted pro hac vice)
VINSON & ELKINS
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 639-6791
Fax: (202) 879-8981
retenpas@velaw.com

*Attorneys for Defendant Cognizant*
*Technology Solutions U.S. Corporation*

**SO ORDERED.**

Dated: March 9, 2020

Catherine D. Perry
United States District Judge

14

# EXHIBIT A

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARITZ HOLDINGS INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-cv-00826 |
| | ) |
| COGNIZANT TECHNOLOGY SOLUTIONS | ) |
| U.S. CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## **ACKNOWLEDGEMENT**

I, _____, declare that:

I have received a copy of the Stipulated Protective Order ("**Protective Order**") in this Action.

I have carefully read and understand the provisions of this Protective Order and I agree to abide by its terms.

I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this Action any Designated Material that I receive in this Action, except to the extent that such information is or becomes public information or otherwise is not deemed subject to the Protective Order.

I agree that at the conclusion of the litigation, I will return all Designated Material to the party or attorney from whom I received it.

I agree to subject myself personally to the jurisdiction of this Court for the purpose of proceedings relating to my performance under, compliance with, or violation of the Protective Order.

I understand that disclosure of Designated Material in violation of the Protective Order may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

_____          _____

Date                                       Signature

# EXHIBIT B

# EXHIBIT B - Maritz

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MARITZ HOLDINGS INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-cv-00826 |
| | ) |
| COGNIZANT TECHNOLOGY SOLUTIONS | ) |
| U.S. CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## INFORMED CONSENT

On behalf of Maritz Holdings Inc. ("Maritz"), I acknowledge that Maritz is aware of the

provisions of the Protective Order entered by this Court on _____, 2020 (a copy of

which is attached hereto) which requires destruction of confidential file materials produced by

the other Party in this case at the conclusion of this lawsuit.

It has been explained to Maritz that, pursuant to Missouri Supreme Court Rule 4-1.22,

Maritz's attorneys are generally obligated to preserve its file from this case for six years

following the termination of representation, unless client permission to proceed otherwise is

received. It has been further explained that the duty to retain materials (absent client consent)

would be inconsistent with the Protective Order that the parties wish jointly to propose for this

matter that would insure that certain confidential materials are destroyed immediately after the

litigation's conclusion. Maritz's attorneys have explained that the contemplated Protective

Order anticipates that certain confidential materials located within counsel's file materials either

would be returned to the originally producing party and/or destroyed at the litigation's

conclusion, pursuant to the Protective Order. Counsel further explained that, once such

confidential materials are destroyed, Maritz will have no further access to the documents.

Based upon the above and Maritz's desire to have the anticipated protections of the Protective Order, Maritz hereby authorizes its attorneys Thompson Coburn LLP to destroy all DESIGNATED MATERIAL produced in this case by another party, by deletion of computer files and shredding of paper files. All other portions of Maritz's file will be preserved in accordance with Rule 4-1.22 for six years.

_____          _____
Date                                                          Signature

                                                              _____
                                                              Printed Name

                                                              _____
                                                              Title

## **EXHIBIT B - Cognizant**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARITZ HOLDINGS INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-cv-00826 |
| | ) |
| COGNIZANT TECHNOLOGY SOLUTIONS | ) |
| U.S. CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## **INFORMED CONSENT**

On behalf of Cognizant Technology Solutions U.S. Corporation, ("Cognizant"), I

acknowledge that Cognizant is aware of the provisions of the Protective Order entered by this

Court on _____, 2020 (a copy of which is attached hereto) which requires destruction

of confidential file materials produced by the other Party in this case at the conclusion of this

lawsuit.

It has been explained to Cognizant that, pursuant to Missouri Supreme Court Rule 4-

1.22, Cognizant's attorneys are generally obligated to preserve its file from this case for six

years following the termination of representation, unless client permission to proceed otherwise

is received. It has been further explained that the duty to retain materials (absent client consent)

would be inconsistent with the Protective Order that the parties wish jointly to propose for this

matter that would insure that certain confidential materials are destroyed immediately after the

litigation's conclusion. Cognizant's attorneys have explained that the contemplated Protective

Order anticipates that certain confidential materials located within counsel's file materials either

would be returned to the originally producing party and/or destroyed at the litigation's

conclusion, pursuant to the Protective Order. Counsel further explained that, once such

confidential materials are destroyed, Cognizant will have no further access to the documents.

Based upon the above and Cognizant's desire to have the anticipated protections of the Protective Order, Cognizant hereby authorizes its attorneys Vinson Elkins LLP and Dowd Bennett LLP to destroy all DESIGNATED MATERIAL produced in this case by another party, by deletion of computer files and shredding of paper files. All other portions of Cognizant's file will be preserved in accordance with Rule 4-1.22 for six years.

<br>

_____          _____

Date                                 Signature

                                     _____

                                     Printed Name

                                     _____

                                     Title