UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| MARITZ HOLDINGS INC., | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| vs. | § | Case No. 4:18-cv-00826-CDP |
| | § | JURY TRIAL REQUESTED |
| COGNIZANT TECHNOLOGY | § | |
| SOLUTIONS U.S. CORPORATION, | § | |
| | § | |
| Defendant/Counter-Plaintiff. | § | |

**DEFENDANT/COUNTER-PLAINTIFF COGNIZANT'S FIRST AMENDED
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
IN RESPONSE TO MARITZ'S COMPLAINT**

Defendant/Counter-Plaintiff Cognizant Technology Solutions U.S. Corporations ("Cognizant") hereby respectfully submits its First Amended Answer, Affirmative Defenses, and Counterclaims to Plaintiff Maritz Holdings Inc.'s ("Maritz" or "Plaintiff") Complaint, pursuant to Rules 8 and 15 of the Federal Rules of Civil Procedure.

**ANSWER**

Cognizant denies all allegations made in the Complaint, whether express or implied, that are not specifically admitted below.  Cognizant specifically denies that Maritz is entitled to any relief whatsoever.  The headings, unnumbered contents, recitations, assertions, and conclusions contained within the Complaint are not substantive allegations to which a response is required.  To the extent that the headings are intended as substantive allegations, Cognizant denies those allegations.

Unless otherwise defined, all capitalized terms have the same meaning as in the Complaint.

## The Parties, Jurisdiction, and Venue

1.     On information and belief, Cognizant admits that Maritz is a corporation organized under the laws of Missouri, whose principal place of business is located at 135 North Highway Drive, Fenton, Missouri 63099.  To the extent that the allegations in Paragraph 1 state legal conclusions, no response is required.  To the extent that a response is otherwise required, Cognizant lacks knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies such allegations.

2.     On information and belief, Cognizant admits that Maritz is, and at certain relevant times has been, in the business of, *inter alia*, providing market and customer research, incentive programs, learning solutions, event management services, and travel management services to companies in the United States.

3.     Cognizant admits that it was and is a corporation organized under the laws of Delaware.  Cognizant admits that its principal place of business is located at 211 Quality Circle, College Station, Texas 77845.  To the extent that the allegations in Paragraph 3 state legal conclusions, no response is required.  To the extent a response is otherwise required, denied.

4.     Cognizant admits that it is one of the world's leading professional services companies, transforming clients' business, operating, and technology models for the digital era. Cognizant admits that its services include digital services and solutions, consulting, application development, systems integration, application testing, application maintenance, infrastructure services, and business process services.  Cognizant denies the remaining allegations in Paragraph 4.

5.     Cognizant admits that this action arises out of Cognizant's contacts with the State of Missouri.  To the extent that the allegations in Paragraph 5 state legal conclusions, no response is required.

6.      Cognizant reads Maritz's reference to subject matter jurisdiction under "20 U.S.C. § 1332(a)(1)" as intending to reference 28 U.S.C. § 1332(a)(1).  Cognizant admits that this civil action is between citizens of different states and the amount in controversy exceeds the jurisdictional amount.  To the extent that the allegations in Paragraph 6 state legal conclusions, no response is required. Cognizant denies that federal question jurisdiction is vested in this Court by 18 U.S.C. § 1030 and notes that the Court has dismissed Maritz's claim under the federal Computer Fraud and Abuse Act ("CFAA").  Memorandum and Order, *Maritz Holdings Inc. v. Cognizant Technology Solutions U.S. Corporation*, No. 4:18-CV-826-CDP (Dec. 19, 2019), ECF No. 31.

7.      To the extent that the allegations in Paragraph 7 state legal conclusions, no response is required.  Cognizant admits that the master services agreement at issue in this case contains a forum selection provision that states, at Section 18.9, "Each Party submits to the exclusive jurisdiction of the federal and state courts located in the State of Missouri."

## Factual Background

8.      Cognizant admits that, in or around the first quarter of 2010, Maritz and Cognizant entered into an Offshore Contracting Master Services Agreement (the "MSA"), the first page of which recites an effective date of January 1, 2010.  The MSA has been filed under seal in this case, as Exhibit 1 to Maritz's Complaint, ECF No. 11.

9.      Cognizant admits that the MSA contains a confidentiality provision.

10.     The allegations contained in Paragraph 10 of Plaintiff's Complaint selectively quote and purport to characterize the MSA.  Cognizant respectfully refers the Court to the full version of this document, which is the best evidence of its terms and/or content, and which has been filed under seal in this case as Exhibit 1 to Maritz's Complaint, ECF No. 11.  To the extent an answer is required, Cognizant denies that such terms can be read in isolation or establish liability, but admits that the quoted language is in the MSA.

11.     The allegations contained in Paragraph 11 selectively quote and purport to characterize the MSA.  Cognizant respectfully refers the Court to the full version of this document, which is the best evidence of its terms and/or content.  To the extent an answer is required, Cognizant denies that such terms can be read in isolation or establish liability, but admits that the quoted language is in the MSA.

12.     The allegations contained in Paragraph 12 selectively quote and purport to characterize the MSA.  Cognizant respectfully refers the Court to the full version of this document, which is the best evidence of its terms and/or content.  To the extent an answer is required, Cognizant denies that such terms can be read in isolation or establish liability, but admits that the quoted language is in the MSA.

13.     The allegations contained in Paragraph 13 selectively quote and purport to characterize the MSA.  Cognizant respectfully refers the Court to the full version of this document, which is the best evidence of its terms and/or content.  To the extent an answer is required, Cognizant denies that such terms can be read in isolation or establish liability, but admits that the quoted language is in the MSA.

14.     The allegations contained in Paragraph 14 selectively quote and purport to characterize the MSA.  Cognizant respectfully refers the Court to the full version of this document, which is the best evidence of its terms and/or content.  To the extent an answer is required, Cognizant denies that such terms can be read in isolation or establish liability, but admits that the quoted language is in the MSA.

15.     The allegations contained in Paragraph 15 selectively quote and purport to characterize the MSA.  Cognizant respectfully refers the Court to the full version of this document, which is the best evidence of its terms and/or content.  To the extent an answer is required,

Cognizant denies that such terms can be read in isolation or establish liability, but admits that the quoted language is in the MSA.

16.     The allegations contained in Paragraph 16 selectively quote and purport to characterize the MSA. Cognizant respectfully refers the Court to the full version of this document, which is the best evidence of its terms and/or content. To the extent an answer is required, Cognizant denies that such terms can be read in isolation or establish liability, but admits that the quoted language is in the MSA. Cognizant denies the remaining allegations in Paragraph 16.

17.     The allegations contained in Paragraph 17 selectively quote and purport to characterize the MSA. Cognizant respectfully refers the Court to the full version of this document, which is the best evidence of its terms and/or content. To the extent an answer is required, Cognizant denies that such terms can be read in isolation or establish liability, but admits that the quoted language is in the MSA. Cognizant denies the remaining allegations in Paragraph 17.

18.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, denies such allegations.

19.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, on that basis, denies such allegations.

20.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, on that basis, denies such allegations.

21.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, on that basis, denies such allegations.

22.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, on that basis, denies such allegations.

23.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, on that basis, denies such allegations.

24.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, on that basis, denies such allegations.

25.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, on that basis, denies such allegations.

26.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, on that basis, denies such allegations.

27.     Cognizant denies that Maritz "promptly" retained a data security consulting firm. Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 and, on that basis, denies such allegations.

28.     On information and belief, Cognizant admits that the report prepared by Charles River Associates ("CRA") reaches findings generally consistent with the allegations in Paragraph 28.  However, Cognizant lacks knowledge or information sufficient to independently reach a belief as to the truth of the specific allegations in Paragraph 28 of Plaintiff's Complaint and, on that basis, denies such allegations.

29.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, on that basis, denies such allegations.

30.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, on that basis, denies such allegations.

31.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, on that basis, denies such allegations.

32.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, on that basis, denies such allegations.

33.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, on that basis, denies such allegations.

34.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, on that basis, denies such allegations.

35.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, on that basis, denies such allegations.

36.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, on that basis, denies such allegations.

37.     On information and belief, Cognizant admits the allegations in Paragraph 37.

38.     On information and belief, Cognizant admits that Maritz hired Intersec Worldwide ("Intersec") in or around March 2017.  To the extent a response is otherwise required, Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, on that basis, denies such allegations.

39.     On information and belief, Cognizant admits that the report prepared by Intersec reaches findings generally consistent with the allegations in Paragraph 39.  However, Cognizant lacks knowledge or information sufficient to independently reach a belief as to the truth of the specific allegations in Paragraph 39 of Plaintiff's Complaint and, on that basis, denies such allegations.

40.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, on that basis, denies such allegations.

41.     Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, on that basis, denies such allegations.

42.     On information and belief, Cognizant admits that the report prepared by Intersec reaches findings consistent with the allegations in Paragraph 42.  Cognizant lacks knowledge or information sufficient to independently reach a belief as to the truth of the specific allegations in Paragraph 42 of Plaintiff's Complaint and, on that basis, denies such allegations.

43.     On information and belief, Cognizant admits that Intersec determined that the attackers were accessing the Maritz system using Active Directory® accounts managed by Maritz's Active Directory®.  On information and belief, Intersec determined that Maritz had registered most of those accounts to Maritz employees and some of those accounts to Cognizant employees.  Cognizant lacks knowledge or information sufficient to independently reach a belief as to the truth of the allegations in Paragraph 43 and, on that basis, denies such allegations.

44.     Cognizant denies the suggestion in Paragraph 44 that Cognizant employees shared credentials or usernames for Maritz Active Directory® accounts (which is the type of account Maritz alleges were used to hack the Maritz system).  To the extent a response is otherwise required, Cognizant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and, on that basis, denies such allegations.

45.     Cognizant denies that Cognizant employees shared Maritz Active Directory® account credentials or usernames.  To the extent a response is otherwise required, Cognizant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, on that basis, denies such allegations.

### Count I – Computer Fraud and Abuse Act (18 U.S.C. § 1030)

46. to 53.     The Court has dismissed Maritz's claim under the Computer Fraud and Abuse Act ("CFAA").  Memorandum and Order, *Maritz Holdings Inc. v. Cognizant Technology*

*Solutions U.S. Corporation*, No. 4:18-CV-826-CDP (Dec. 19, 2019), ECF No. 31.  Accordingly, no response is required to Paragraphs 46 through 53 of Maritz's Complaint.  To the extent a response is required, denied.

<strong>Count II – Computer Tampering (Mo. Rev. Stat. §§ 537.525, 569.095)</strong>

54. to 57.        The Court has dismissed Maritz's claim under Mo. Rev. Stat. §§ 537.525, 569.095.  Memorandum and Order, *Maritz Holdings Inc. v. Cognizant Technology Solutions U.S. Corporation*, No. 4:18-CV-826-CDP (Dec. 19, 2019), ECF No. 31.  Accordingly, no response is required to Paragraphs 54 through 57 of Maritz's Complaint.  To the extent a response is required, denied.

<strong>Count III – Conversion</strong>

58. to 60.        The Court has dismissed Maritz's claim for conversion.  Memorandum and Order, *Maritz Holdings Inc. v. Cognizant Technology Solutions U.S. Corporation*, No. 4:18-CV-826-CDP (Dec. 19, 2019), ECF No. 31.  Accordingly, no response is required to Paragraphs 58 through 60 of Maritz's Complaint.  To the extent a response is required, denied.

<strong>Count IV – Breach of Contract</strong>

61.        Cognizant incorporates its responses to Paragraphs 1 through 60.

62.        The allegations contained in Paragraph 62 selectively quote and purport to characterize the MSA.  Cognizant respectfully refers the Court to the full version of this document, which is the best evidence of its terms and/or content.  To the extent an answer is required, Cognizant denies that such terms can be read in isolation or establish liability, but admits that the quoted language is in the MSA.

63.        The allegations contained in Paragraph 63 selectively quote and purport to characterize the MSA.  Cognizant respectfully refers the Court to the full version of this document, which is the best evidence of its terms and/or content.  To the extent an answer is required,

9

Cognizant denies that such terms can be read in isolation or establish liability, but admits that the quoted language is in the MSA.

64.     Cognizant denies the allegations in Paragraph 64.

65.     Cognizant denies the allegations in Paragraph 65.

66.     Cognizant denies the allegations in Paragraph 66.

67.     Cognizant denies the allegations in Paragraph 67.

68.     Cognizant denies the allegations in Paragraph 68.

69.     Cognizant denies the allegations in Paragraph 69.

70.     Cognizant denies the allegations in Paragraph 70.

## Count V – Negligence

71.     Cognizant incorporates its responses to Paragraphs 1 through 70.

72.     Cognizant denies the allegations in Paragraph 72.

73.     Cognizant denies the allegations in Paragraph 73.

74.     Cognizant denies the allegations in Paragraph 74.

75.     Cognizant denies the allegations in Paragraph 75.

## Count VI – Unjust Enrichment & Accounting

76.     Cognizant incorporates its responses to Paragraphs 1 through 75.

77.     Cognizant denies the allegations in Paragraph 77.

78.     Cognizant denies the allegations in Paragraph 78.

79.     Cognizant denies the allegations in Paragraph 79.

80.     Cognizant denies the allegations in Paragraph 80.

81.     The Court has dismissed Maritz's claim for an equitable accounting.  Memorandum and Order, *Maritz Holdings Inc. v. Cognizant Technology Solutions U.S. Corporation*, No. 4:18-

CV-826-CDP (Dec. 19, 2019), ECF No. 31.  Accordingly, no response is required to Paragraph 81 of Maritz's Complaint.  To the extent a response is required, denied.

Cognizant denies the allegations in the unnumbered paragraph following Paragraph 81 in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to the following (other than any burden imposed by law), Cognizant further asserts:

### First Defense

The Complaint, and each allegation therein, fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's claims against Cognizant are barred because, on information and belief, a third party independent of Cognizant perpetrated the activities underlying Plaintiff's alleged harm.

Moreover, inquiry reasonable under the circumstances would reveal public accounts of numerous attack campaigns bearing remarkable similarity to the cyber-intrusions that Maritz alleges in its Complaint.  For example, in June of 2019 digital threat management company RiskIQ published an independent report collecting and analyzing widely-reported events related to the world-wide pattern of attacks (the "RiskIQ Gift Cardsharks Report").  A true and correct copy of that report has been filed in this case as ECF No. 39-1.  The narrative it describes exposes an undeniably compelling similarity to the events of which Maritz complains.  On information and belief, Maritz's alleged intrusions in 2016 and 2017 were part of the same sophisticated attack described in the RiskIQ Gift Cardsharks Report.

On information and belief, Cognizant states the following:

- A world-wide cyber-intrusion campaign targeted at least dozens of organizations, beginning in 2015 and through and including the attacks on Maritz in 2016 and 2017.

- The perpetrators focused their efforts on certain types of companies, including: (1) gift card providers, (2) employee rewards providers, and (3) customer loyalty & recognition providers.

- The perpetrators used phishing pages to steal credentials, before making use of legitimate tools such as ScreenConnect for monitoring, remote access, lateral movement, as well as elevation of privileges.

- An organization called CashStar, Inc. ("CashStar") experienced a security incident in November and December 2015 in which the perpetrators accessed the CashStar platform ("CashStar Event"); the CashStar Event was part of the referenced world-wide cyber-intrusion campaign; CashStar was a third-party provider to Maritz at the relevant time; the perpetrators of the CashStar Event viewed Maritz eGift Card information; the CashStar Event caused the perpetrators to turn their attention to Maritz, leading to the March 2016 phishing attacks on Maritz and later, the February/March 2017 phishing attacks on Maritz.

- There is no evidence that the perpetrators attacked Cognizant's computer system during or prior to the 2017 attack on Maritz.

**Third Defense**

Plaintiff's claims are barred, in whole or in part, by the economic loss rule.

**Fourth Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification, unclean hands, laches, and *in pari delicto*.

These theories are supported by facts including, but not limited to the following, which Cognizant states on information and belief:

- Contrary to its contractual obligations and industry standards of reasonableness, Maritz failed to appropriately hire, train and/or supervise its employees, and this failure allowed its employees to, *inter alia*, distribute Cognizant credentials and usernames to other than the intended recipient and to succumb to the third-party phishing campaigns and external efforts to compromise the Maritz system.

- Contrary to its contractual obligations and industry standards of reasonableness, Maritz failed to timely and adequately notify Cognizant in March 2016 that Maritz had suffered a cyber-attack, or that the attack included installation of credential-harvesting malware.

- Contrary to its contractual obligations and industry standards of reasonableness, Maritz failed to promptly re-issue some or all of the affected credentials (including credentials Maritz had assigned to Cognizant employees) following the March 2016 attack.

**Fifth Defense**

Plaintiff's alleged losses were not proximately caused by the alleged conduct of Cognizant or conduct properly attributable to Cognizant.

**Sixth Defense**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's assumption of risk.

### Seventh Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate its alleged losses.

### Eighth Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's contributory negligence and comparative fault.

### Ninth Defense

Plaintiff's claims are barred, in whole or in part, by contractual limitation of liability, *inter alia*, Section 14.2 of the MSA:

> LIMITATION OF LIABILITY. . . . NEITHER PARTY WILL BE LIABLE TO THE OTHER FOR ANY CONSEQUENTIAL, SPECIAL, INDIRECT, INCIDENTAL, PUNITIVE OR EXEMPLARY DAMAGES (INCLUDING WITHOUT LIMITATION LOST PROFITS, LOST SAVINGS OR LOSS OF GOODWILL) SUFFERED OR INCURRED IN CONNECTION WITH PERFORMANCE OR NON-PERFORMANCE UNDER THIS AGREEMENT . . . .

> Except for its indemnification and confidentiality obligations hereunder, in no event shall [Cognizant's] liability to Maritz or any other person or entity arising out of or in connection with a Statement of Work hereunder (whether such liability is based on an action in contract, warranty, strict liability or tort, including negligence, or otherwise) exceed an amount equal to two (2) times the total charges paid by Maritz to [Cognizant] for the performance of all Outsourced Services and/or provision of Deliverables under such Statement of Work; it being understood and agreed that such cap on liability shall apply separately to each Statement of Work and not on an aggregate Agreement-wide basis.

### Tenth Defense

Any damages Plaintiff sustained must be offset by any tax or other such benefits received.

### Eleventh Defense

The imposition of punitive or exemplary damages in this case would violate Cognizant's rights to substantive and procedural due process under the Fifth and Fourteenth Amendments to

the Constitution of the United States and would violate the public policy and law of the State of Missouri.

### Twelfth Defense

The Complaint fails to set forth facts sufficient to constitute a claim for punitive damages or exemplary damages in that neither Cognizant nor its agents, if any, acted with malice, fraud, oppression, or any other state sufficient to sustain punitive or exemplary damages with respect to the Plaintiff.

### Thirteenth Defense

Cognizant denies any and all allegations in the Complaint not expressly admitted herein and denies the relief requested by Plaintiff in the Complaint.

## COUNTERCLAIMS

Cognizant, for its Counterclaims against Plaintiff, states as follows:

### The Parties, Jurisdiction, and Venue

1.     Upon information and belief, Counter-Defendant Maritz Holdings, Inc. ("Maritz") is, and at all relevant times has been, a corporation organized and existing under the laws of Missouri.  Maritz's principal place of business is located at 135 North Highway Drive, Fenton, Missouri 63099.  Maritz is therefore a citizen of Missouri.  28 U.S.C. § 1332(c)(1).

2.     Counter-Plaintiff Cognizant Technology Solutions U.S. Corporation ("Cognizant") is, and at all relevant times has been, a corporation organized and existing under the laws of Delaware.  Cognizant's principal place of business is located at 211 Quality Circle, College Station, Texas 77845.  Cognizant is therefore a citizen of Delaware and Texas.  28 U.S.C. § 1332(c)(1).

3.     This Court has personal jurisdiction over Maritz because this action arises out of its contacts with the State of Missouri as described herein.

4.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because this civil action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  The Court also has supplemental jurisdiction under 28 U.S.C. § 1367 because the counterclaims asserted by Cognizant are so related to Maritz's claims that are pending before this Court that they form part of the same case or controversy.  Both sets of claims arise out of the same contractual arrangement and services provided.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this matter occurred in this judicial district.  Venue is also proper based on the forum selection provision in the master services agreement at issue in this case.

**Factual Background**

6.      Cognizant incorporates by reference the statements and other information in its First Amended Answer and Affirmative Defenses.

**A. Maritz and Cognizant Enter into a Master Agreement and Statements of Work**

7.      On information and belief, Maritz is an integrated performance improvement, travel, and marketing research services provider.

8.      Cognizant is a leading information technology solutions provider specializing in custom software development, integration, and maintenance services.

9.      Upon information and belief, in early 2010, Maritz desired to outsource certain information technology and application development and management services to an information technology services vendor with offshore operating capabilities.  Maritz selected Cognizant for this purpose.

10.     In or around February 22, 2010, Maritz and Cognizant entered into an Offshore Contracting Master Services Agreement (the "MSA") that was attached to Plaintiff Maritz

Holdings Inc.'s Complaint as Exhibit 1. *See* ECF No. 1. Maritz was granted leave to file the MSA under seal. ECF No. 10. The MSA has been filed on the docket as ECF No. 11.

11.     Pursuant to Paragraph 6.1.1 of the MSA, Maritz agreed that it would provide Cognizant "personnel, representatives or permitted subcontractors with (i) a suitable and adequate work environment . . .; (ii) access to and use of Maritz's facilities and relevant information (except international communications services), including software, hardware and documentation, necessary for [Cognizant's] performance of the Outsourced Services; and (iii) any other items to be provided by Maritz as specified in any Statement of Work." ECF No. 11 § 6.1.1.

12.     The MSA provides that Cognizant and "Maritz will develop and enter into one or more Statements of Work . . . incorporating a description of the specific Outsourced Services requested by Maritz." ECF No. 11 § 4.1. Maritz and Cognizant entered into several such Statements of Work ("SOW").

13.     Maritz and Cognizant entered into one such SOW on or around April 1, 2015, in connection with the Maritz Motivation Solutions Support project ("2015 MMS SOW"). Cognizant is filing under seal a true and accurate copy of the 2015 MMS SOW, as **Exhibit A** to this First Amended Answer, Affirmative Defenses, and Counterclaims.

      a.    Pursuant to Paragraph 3.3.6 of the 2015 MMS SOW, Maritz agreed that it would "make available all environments required for development, enhancement, support or testing engagements."

      b.    Pursuant to Paragraph 3.3.7 of the 2015 MMS SOW, Maritz agreed that it would "provide access/accounts/licenses to appropriate systems, databases, tools, repositories and user access rights to Cognizant associates to perform the activities in scope."

c.   Pursuant to Paragraph 3.4 of the 2015 MMS SOW, Maritz agreed that it would "identify a secure method for Cognizant to connect to Maritz resources for necessary work streams," and "identify a secure method for Cognizant to connect to internal resources for production support and maintenance activity."

d.   Pursuant to Paragraph 7.1 of the 2015 MMS SOW, Maritz agreed that it would "provide office space, equipment, domestic telephone service, and expendable office supplies for Cognizant Onsite resources,"  and "provide system access for onsite and offshore work in accordance with established company policies, standards, regulations, and rules of conduct."

e.   Pursuant to Paragraph 7.2 of the 2015 MMS SOW, Maritz agreed that it would "provide access to the appropriate personnel (management, technical, subject matter expertise, etc.) necessary to fulfill the requirements as described in the project scope."

14.   The parties entered into other Statements of Work, four of which have been filed under seal in this case as ECF Nos. 19 – 22 and cover periods in 2016 and 2017.  Those SOWs contain substantially identical provisions as referenced above.

**B. Pursuant to the MSA and SOWs, Maritz Provided and Maintained Cognizant Employees' Access to the Maritz Computer System**

15.   Pursuant to the MSA and SOWs, the work Cognizant performed for Maritz was performed within the Maritz environment.  Accordingly, Maritz assigned accounts to Cognizant employees that enabled the Cognizant employees to access the Maritz environment.

16.   "Active Directory®" is the brand name of the authentication system used in Windows computing environments.  Maritz used a Windows computing environment and,

18

therefore, used Active Directory® as its authorization mechanism.  An Active Directory® "domain controller" is the physical machine that is responsible for managing user authentication information.  A domain controller is at the center of the Active Directory®'s permission structure, and it houses all user profile information.

17.     Pursuant to the MSA and SOWs, Maritz created, stored, and administered all Active Directory® accounts for accessing the Maritz computer system, including the accounts Maritz assigned to Cognizant employees.  Each such Active Directory® account would have contained user profile information related to the account, such as username, system permission information, user group assignment, password hashes, email address, and the assigned user's real name.  On information and belief, user account authentication to the Maritz computer system was managed exclusively on computers within the Maritz computer system.  This is equally true for both the accounts Maritz created and assigned to its own employees and the accounts that Maritz created and assigned to contractors such as the Cognizant employees.

### C. Maritz Learns that an Unauthorized Person Accessed CashStar in Late 2015 and Viewed Maritz eGift Cards

18.     On information and belief, beginning in February 2015, Maritz used a third-party provider, CashStar, to deliver eGift Cards in connection with some of the services Maritz provided to its customers.   On information and belief, eGift Cards were loaded into the CashStar environment and delivered by CashStar to participants in programs operated by Maritz.

19.     On information and belief, in January 2016, CashStar informed Maritz that CashStar had experienced a security incident from November 29, 2015 through December 8, 2015; in that security incident, an unauthorized person accessed CashStar's platform using third-party credentials and was able to view six Maritz eGift Card transactions.  This incident put Maritz on specific notice of being a target for cybertheft.

**D. In 2016, Maritz Employees Provide Hackers Access to Maritz Active Directory®
Domain Controller**

20.    Cognizant states the following on information and belief:

a.    On March 1, 2016, one or more unidentified perpetrator(s) directed so-
called "phishing emails" to 63 Maritz email addresses (63 Maritz employees
and one generic email address).  Each of these 63 email addresses also was
used as an application logon ID on the CashStar platform.

b.    Over the course of March 2016, other Maritz employees received similar
phishing emails.

c.    The phishing emails contained a malicious file in an attached Microsoft
Word document.  The malicious file, when opened, provided a backdoor to
the computer on which it was opened and the systems that computer could
access within Maritz's computer system.

d.    Numerous Maritz employees opened the malicious file and/or provided
their credentials to the attackers after "clicking" on the phishing link.  As a
result of this, a total of 17 Maritz computers were infected with the backdoor
in March 2016, two of which had credential-harvesting malware installed.
One infected computer had additional malware inserted on it to harvest
Active Directory® credentials.

e.    The attackers successfully collected account information, including
passwords, from Maritz-controlled Active Directory® domain controllers.
In doing so, the perpetrators were given access not only to accounts
belonging to Maritz employees, but also to accounts that Maritz had

20

assigned to Cognizant employees.  This also includes accounts that were not targeted by the phishing emails.

21.     Maritz did not notify Cognizant of this security compromise, until approximately 18 months later, in September 2017.

22.     On information and belief, Maritz retained data security consulting firm CRA to investigate.  Cognizant is filing under seal a true and accurate copy of the final report issued by CRA, as produced by Maritz in this action, as **Exhibit B** to this First Amended Answer, Affirmative Defenses, and Counterclaims.

23.     On information and belief, Maritz took actions to attempt to secure only those Active Directory® accounts that were targeted by the phishing attacks, and not the accounts that were compromised in the 2016 attack.  On information and belief, Maritz did not take adequate measures to secure or otherwise prevent the misuse of at least some of the Active Directory® accounts that had been compromised in the 2016 attack, including accounts issued to Cognizant employees.

**E. In 2017, Maritz Employees Again Provide Hackers Access to Maritz Active Directory® Domain Controller**

24.     Cognizant states the following on information and belief:

a.     In early 2017, Maritz permitted the hackers to access the Maritz system again.

b.     Unidentified perpetrator(s) again directed phishing emails to Maritz employees, from February 17, 2017 through February 20, 2017;

c.     Certain Maritz employees accessed a URL link in those emails, which caused remote access tools to be placed on Maritz's computer systems;

      d.      Installation of these remote access tools on Maritz's systems permitted the perpetrator(s) broad access to Maritz's computer systems, including through Active Directory® credentials belonging to Maritz employees and to Cognizant employees;

25.      Maritz did not notify Cognizant of this security compromise, until approximately 6 months later, in September 2017.

26.      On information and belief, Maritz intentionally withheld this information from Cognizant until September 2017.

27.      On information and belief, Maritz retained data security consulting firm Intersec to investigate.  Cognizant is filing under seal a true and accurate copy of the final report issued by Intersec, as produced by Maritz in this action, as **Exhibit C** to this First Amended Answer, Affirmative Defenses, and Counterclaims.

**F. Maritz Incorrectly and Publicly Blames Cognizant, Ignoring Obvious Facts**

28.      Maritz chose to sue Cognizant for losses Maritz allegedly suffered as a result of the 2016 and 2017 phishing attacks.  Maritz's public allegations against Cognizant falsely allege that Cognizant's own employees perpetrated the 2016 and 2017 attacks on Maritz.  Numerous public sources reported on Maritz's accusations that Cognizant bore responsibility for the attacks on Maritz.

29.      In making its allegations, Maritz ignored certain important facts exculpatory to Cognizant.

30.      On information and belief, Maritz's own investigations into the 2016 and 2017 events revealed the following:

a.    The perpetrators of the attacks on Maritz gained initial access to the Maritz computer system in 2016, as a result of Maritz employees interacting with phishing emails.

b.    The perpetrators installed Active Directory® credential-harvesting utilities on Maritz Active Directory® domain controllers at least as early as 2016. All of the accounts for accessing the Maritz computer system – both those assigned to Maritz employees and also those assigned to Cognizant employees – were made available for the perpetrators' use in the 2016 and 2017 attacks on Maritz.

c.    The perpetrators also created new accounts, to avoid detection and disruption.

d.    Maritz, not Cognizant, was responsible for administering the Maritz Active Directory® accounts, including preventing unauthorized access to the Maritz Active Directory® domain controller, resetting passwords to potentially compromised accounts, and otherwise securing the accounts following the 2016 and 2017 breaches.

e.    Maritz did not adequately secure accounts following the 2016 breach.

31.    An inquiry reasonable under the circumstances would have alerted Maritz to other information undermining Maritz's allegations against Cognizant.

32.    For example, on information and belief:

a.    A world-wide cybertheft campaign targeted dozens of organizations beginning in approximately late 2015 and continuing at least through the 2017 attack on Maritz.

b.     The perpetrators focused their efforts on certain types of companies, including: (1) gift card providers, (2) employee rewards providers, and (3) customer loyalty & recognition providers.

c.     The perpetrators used phishing pages to steal credentials, before making use of legitimate tools such as ScreenConnect for monitoring, remote access, lateral movement, as well as elevation of privileges.

d.     CashStar was targeted in late 2015, via the CashStar Event. The perpetrators of the CashStar Event were able to view certain Maritz eGift Card information.

e.     Within months of the CashStar Event, the perpetrators launched the March 2016 phishing attacks on Maritz.

f.     Then, the perpetrators later launched the February/March 2017 phishing attacks on Maritz.

g.     There is no evidence that the perpetrators attacked Cognizant's computer system during or prior to the 2017 attack on Maritz.

33.     As a result of the allegations in Paragraphs 1 through 32 of Cognizant's Counterclaims, Cognizant has suffered out-of-pocket expenses and other damages greatly in excess of $75,000.

### Count One: Breach of Contract

34.     Cognizant realleges Paragraphs 1 through 33 as if set forth fully herein.

35.     On information and belief:

a.     The perpetrators initially gained access to the Maritz computer system via a phishing campaign targeting certain Maritz employees. Maritz employees interacted with the phishing campaign, providing the perpetrators access to

the Maritz system.  The perpetrators then maneuvered within the Maritz system, locating other credentials to the Maritz system.  Many of those credentials belonged to Maritz employees, but some of them Maritz had assigned to Cognizant employees.  The perpetrators also created new credentials to the Maritz system.

b.     The perpetrators used the stolen credentials in their theft activities within the Maritz computer system.

c.     Maritz failed to fully remediate the compromised credentials.

d.     Maritz concealed these events from Cognizant.

e.     Maritz ignored obvious evidence in seeking to allege that Cognizant employees were responsible for the attacks on Maritz.

f.     Maritz's allegations against Cognizant were covered publicly.

36.     Under the MSA and SOWs, Maritz agreed, *inter alia*, that it would provide Cognizant employees secure access to and use of the Maritz computer environment, including provision of accounts and user access rights to the Maritz computer system.

37.     Maritz agreed that it would identify a secure method for Cognizant employees to connect to Maritz resources.

38.     Maritz agreed that it would provide Cognizant employees with Maritz system access, in accordance with established standards, regulations, and rules of conduct.

39.     Maritz agreed that it would provide Cognizant employees access to the appropriate personnel (including Maritz management and technical personnel) necessary to fulfill the requirements of the project.

40.     Maritz breached these and other contractual provisions by, *inter alia*, failing to appropriately hire, train, and/or supervise its employees; failing to prevent unauthorized perpetrators from accessing Maritz's systems, compromising Maritz Active Directory® domain controllers, and using accounts assigned to both Maritz and Cognizant users for improper purposes; failing to give timely notice to Cognizant of the Maritz security breaches; failing to appropriately remediate the above-referenced security breaches; and/or failing to provide Cognizant access to the appropriate personnel and information in light of the security compromise, from within the Maritz Active Directory® domain controller, of accounts assigned to Cognizant employees.  To the contrary, Maritz actively withheld this information from Cognizant, actively preventing Cognizant from protecting itself or insisting that appropriate protocols were followed with respect to the compromised accounts assigned to Cognizant employees.

41.     Each of these acts and/or failures by Maritz violated its contractual duties to Cognizant.

42.     Maritz's actions and failures caused Cognizant to suffer damages.

### Count Two: Breach of Implied Duty of Good Faith and Fair Dealing

43.     Cognizant realleges Paragraphs 1 through 42 as if set forth fully herein.

44.     When Maritz signed the relevant commitments to Cognizant, *inter alia*, the MSA, the 2015 MMS SOW, and other SOWs, an implied warranty of good faith and fair dealing arose by operation of law.

45.     Maritz breached this implied warranty by, *inter alia*, the actions and omissions articulated in Paragraphs 35 and 40.

46.     Maritz's breaches caused Cognizant to suffer damages.

### Count Three: Negligence

47.     Cognizant realleges Paragraphs 1 through 46 as if set forth fully herein.

48.     Maritz owed Cognizant a duty to act in accordance with reasonable industry standards and prevent foreseeable harm to Cognizant, including taking reasonable steps to safeguard the credentials and usernames issued to Cognizant employees for accessing the Maritz system.

49.     Maritz also owed Cognizant a duty to prevent third parties from accessing Maritz's systems, compromising Maritz Active Directory® domain controllers and harvesting account credentials assigned to Cognizant employees, and using the accounts assigned to Cognizant users for improper purposes.

50.     Maritz also owed Cognizant a duty to appropriately hire, train, and/or supervise its employees.

51.     Maritz also owed Cognizant a duty to give timely notice to Cognizant of the Maritz security breaches.

52.     Maritz also owed Cognizant a duty to provide Cognizant access to appropriate Maritz personnel and information in light of the security compromise, from within the Maritz Active Directory® domain controller, of accounts assigned to Cognizant employees.

53.     Maritz also owed Cognizant a duty to properly remediate these security breaches and re-secure the credentials and usernames issued to Cognizant employees for accessing the Maritz system, once the outside perpetrator obtained those accounts from the Maritz Active Directory® domain controller and other Active Directory® harvesting malware.

54.     Maritz breached the applicable standard of care by, *inter alia*, the actions and omissions articulated in Paragraphs 35 and 40.

55.     Maritz's failure to fulfill its duties owed to Cognizant has caused Cognizant to suffer damages.

## RESERVATION OF RIGHTS

Cognizant reserves the right to assert any and all additional affirmative defenses and/or counterclaims that discovery or other evidence may reveal to be appropriate.  Cognizant further reserves the right to amend this Answer, its Counterclaims, or otherwise plead in response to Plaintiff's Complaint, and to file such other Motions as it may deem advisable in defense of the case or as warranted by information adduced during the pendency of this action.

## REQUEST FOR RELIEF

Cognizant respectfully requests the following relief:

a.   A judgment in favor of Defendant Cognizant as to Plaintiff Maritz's claims against Cognizant, and dismissing Maritz's Complaint against Cognizant with prejudice;

b.   A judgment in favor of Counter-Plaintiff Cognizant and against Counter-Defendant Maritz as to Cognizant's claims against Maritz, and awarding Cognizant actual damages, including future lost profits, loss of goodwill, and reputational damages;

c.   A judgment awarding Cognizant, as the prevailing party, its costs and expenses (including reasonable attorneys' and expert witnesses' fees and expenses) incurred in connection with this action and any appeal, pursuant to Section 18.9 of the MSA (ECF No. 11); and

d.   Such other and further relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Cognizant respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: July 16, 2020

Respectfully submitted,

*/s/ Ronald J. Tenpas*
Ronald J. Tenpas*
Crystal Y. Stapley*
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, N.W.
Suite 500W
Washington, DC 20037
Phone: (202) 639-6791
Fax: (202) 879-8981
Email: rtenpas@velaw.com
        cstapley@velaw.com

*admitted *pro hac vice*

-and-

Jim Martin
DOWD BENNETT LLP
7733 Forsyth
St. Louis, MO 63105
Phone: (314) 889-7300
Fax: (314) 863-2111
Email: jmartin@dowdbennett.com

*Counsel for Defendant/Counter-Plaintiff
Cognizant Technology Solutions U.S.
Corporation*

## **CERTIFICATE OF SERVICE**

I certify that on July 16, 2020, a true copy of the foregoing document was filed with the

Clerk of Court using the CM/ECF system which will send electronic notification of such filing to

all counsel of record, including the following counsel for Plaintiff/Counter-Defendant:

Brian A. Lamping (blamping@thompsoncoburn.com)

Jan Miller (jmiller@thompsoncoburn.com)

Kristen E. Sanocki (ksanocki@thompsoncoburn.com)

*/s/ Ronald J. Tenpas*
Ronald J. Tenpas

**Exhibit A to First Amended Answer – 2015 MMS SOW
(Filed Separately Under Seal)**

**Exhibit B to First Amended Answer –
CRA Report
(Filed Separately Under Seal)**

# Exhibit C to First Amended Answer – Intersec Report
# (Filed Separately Under Seal)